**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:08-cv-590**

_____

| | |
|---|---|
| SEDRICK STREATER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **COMPLAINT** |
| | ) |
| | ) |
| WAFFLE HOUSE, INC., and | ) |
| HILLCREST FOODS, INC. | ) |
| | ) |
| Defendants. | ) |

_____)

## INTRODUCTION

1.     Plaintiff Sedrick Streater was refused service, threatened with physical violence and subjected to a racial epithet by the cook in the Defendant's Waffle House franchise restaurant in Dallas, North Carolina ("the Waffle House") on December 26, 2007.   The Defendant's cook so acted when Plaintiff commented that the cook had not washed his hands after sweeping and cleaning up food waste and dishes before cooking Plaintiff's food.

2.     By refusing service and threatening physical violence to Plaintiff for this reason, Defendant, through its agents, committed an unfair trade practice in violation of North Carolina General Statute § 75- 1.1.

3.     As evidenced by the racial epithet used towards Plaintiff, Defendant, through its agents, denied Plaintiff, who is African-American, the right to make and enforce contracts on the same basis as white citizens, in violation of 42 U.S.C. § 1981, and also denied Plaintiff the full

and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations at its Waffle House restaurant, on the basis of race, in violation of 42 U.S.C. § 2000a.

## JURISDICTION AND VENUE

4.     The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000a-6.   It has pendent jurisdiction over the state law claim.

5.     Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(2), as the acts complained took place within this Judicial District.

## PARTIES

6.     Plaintiff Sedrick Streater is an African-American citizen of the United States and resident of Charlotte, North Carolina.

7.     Defendant Hillcrest Foods, Inc. is a Georgia corporation doing business in the state of North Carolina.  Its corporate headquarters are in Suwanee, Georgia.  Defendant owns or operates multiple Waffle House franchises, including the Dallas, North Carolina restaurant where the complained of actions took place.  Defendant Hillcrest Foods operates its Waffle House restaurants as franchises of Waffle House, Inc.

## FACTS

8.     Plaintiff realleges and incorporates all preceding paragraphs.

9.     On December 26, 2007, at about 2:00 a.m., Plaintiff entered the Waffle House restaurant located Dallas, North Carolina.  He had never been in this restaurant previously.

10.     As Plaintiff entered, he decided to use the bathroom before sitting down to eat.

11.　　As he walked towards the bathroom, the cook was sweeping the floor around the cooking area and bent down with a dust pan to collect what he had swept.

12.　　When Plaintiff exited the bathroom, Plaintiff saw the cook cleaning the counters around the cooking area and then scraping food off and handling dirty dishes.

13.　　Plaintiff sat down at the counter near the cooking area and a waitress waiting on other customers across the restaurant and told him she would be with him shortly.

14.　　The cook finished handling the dirty dishes and approached Plaintiff, wiping his hands on his smock, and asked if Plaintiff knew what he wanted to eat.

15.　　Plaintiff told the cook he wanted eggs and sausage on Texas toast.

16.　　Plaintiff watched and was surprised as the cook, without washing his hands, began to prepare Plaintiff's meal, taking out the eggs and toast.

17.　　Plaintiff asked the cook if he was going to wash his hands.

18.　　The cook stopped what he was doing, turned around and looked at Plaintiff with incredulity.

19.　　The cook told Plaintiff it was not a big deal that he had not washed his hands.

20.　　Plaintiff told the cook that it was serious, that the cook would not want to eat something prepared with unclean hands, and that it could make someone sick.

21.　　Plaintiff asked for the name of the store manager and the cook argued with him further that it was not a big deal that he had not washed his hands.

22.　　The cook became irate as they argued and called Plaintiff a "nigger" and asked why Plaintiff needed the manager's name.

23.     The waitress who had spoken with Plaintiff earlier came over from where she had been working and asked if there was a problem.

24.     Plaintiff told the waitress that the cook had not cleaned his hands before he started cooking Plaintiff's order and that he wanted the store manager's name.

25.     The waitress told Plaintiff the name of the manager.

26.     The cook got more upset and asked again why Plaintiff needed the manager's name.

27.     Plaintiff told the cook he was talking with the waitress about the problem.

28.     The cook exploded in anger and began to curse at Plaintiff, telling Plaintiff to leave the store and that the restaurant was not going to serve him.

29.     Plaintiff again responded that he was talking with the waitress and was not going to leave.

30.     The cook then threatened to come around the counter to fight Plaintiff and said that they could resolve the matter outside.

31.      The waitress intervened and told the cook to be quiet.

32.     She told Plaintiff that she tried to get the cook to be professional and to keep his hands clean, that this was not the first time this issue had come up.

33.     Plaintiff took the contact information for the store manager and left the restaurant. He called back to the store after he drove away to make sure he had the right information about the store.

34.     He contacted the manager later that day at the restaurant and complained about what had happened.

35.     Plaintiff later completed a questionnaire about the incident.

36.     The questionnaire form did not ask if the customer had been subject to racial discrimination, but Plaintiff put on the form that the cook made the matter racial in his reaction to Plaintiff.

37.     A regional manger offered Plaintiff a $15 meal coupon to resolve the matter, which Plaintiff declined.

## COUNT I
(Violation of N.C.G.S. § 75 – 1.1)

38.     Plaintiff realleges and incorporates all preceding paragraphs, as if set forth fully herein.

39.     In operating the restaurant in Dallas, Defendant was engaged in "commerce" as that term is used in N.C.G.S. § 75-1.1.

40.     At all times relevant to the events described in this Complaint, the cook was acting within the scope of his employment and in his capacity as employee, agent and/or representative of Defendant.

41.     Without regard to any racial motive in his actions, the cook's belligerent, threatening conduct constituted an unfair act or practice by Defendant, through its agent, affecting commerce, in violation of N.C.G.S. § 75-1.1.

42.     As a direct result of that unlawful conduct, Plaintiff suffered compensable injury under N.C.G.S. § 75 – 16, including humiliation and other emotional harms and reasonable fear of bodily harm and the loss of reasonable enjoyment of Defendant's restaurant.

43.     Plaintiff is entitled to compensatory damages for his injuries, and said damages should be trebled under N.C.G.S. § 75 – 16,

44.     Plaintiff is also entitled to attorney's fees under N.C.G.S. § 75 – 16.1.

**COUNT II**
(Assault)

45.     Plaintiff realleges and incorporates all preceding paragraphs, as if set forth fully herein.

46.     The actions of the cook in threatening to physically attack Plaintiff placed Plaintiff in fear of imminent bodily harm and offensive contact, which constituted an assault under the common law of North Carolina.

47.     As a direct and foreseeable result of that assault, Plaintiff feared bodily harm and suffered emotional distress.  He seeks and is entitled to compensatory damages.

**COUNT III**
(Violation of 42 U.S.C. § 1981)

48.     Plaintiff realleges and incorporates all preceding paragraphs, as if set forth fully herein.

49.     Plaintiff, while seeking food and services from Defendants, presented himself in a fit and proper manner while ordering food in the restaurant and then asking the cook to wash his hands.

50.     In injecting a racial epithet into the agent's threats to Plaintiff and his demand that Plaintiff leave the restaurant, Defendant's agent denied Plaintiff food and services because of his race.

51.     At all times relevant to the events described in this Complaint, the cook was acting within the scope of his employment and in his capacity as employee, agent and/or representative of Defendant.

52.     By the actions described in this Complaint, Defendant denied Plaintiff the right to make and enforce contracts as enjoyed by white citizens of the United States, in violation of 42 U.S.C. § 1981.

53.     As a proximate result of the actions of Defendants described in this Complaint, Plaintiff has suffered, continues to suffer, and will, in the future, suffer loss and injury including, but not limited to, humiliation, embarrassment, emotional distress and mental anguish.

54.     Plaintiff seeks and is entitled to damages for those injuries.

55.     Plaintiff also seeks and is entitled to attorney's fees under 42 U.S.C. § 1988.

## COUNT IV
(Violation of 42 U.S.C. § 2000a)

56.     Plaintiff realleges and incorporates all preceding paragraphs, as if set forth fully herein.

57.     The Dallas Waffle House restaurant is a "place of public accommodation" within the meaning of 42 U.S.C. § 2000a.

58.     The operations of the Dallas Waffle House affect commerce within the meaning of 42 U.S.C. § 2000a.  The restaurant serves or offers to serve interstate travelers. A substantial portion of the food that it serves, or other products that it sells, have moved in interstate commerce.

59.     Plaintiff has met all administrative requirements, if any, prior to filing this action.

60.     Plaintiff attempted to receive of the full benefits and enjoyment of a public accommodation, but Defendants denied Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of a place of public accommodation, on the basis of race, in violation of 42 U.S.C. § 2000a.

61.     But for Defendants' discriminatory practices, Plaintiff could, and would, visit a Waffle House restaurant in the future.

62.     Plaintiff seeks and is entitled to compensatory damages and injunctive relief.

63.     Plaintiff is also entitled to attorney's fees under 42 U.S.C. § 1988.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court grant him relief as follows:

(a)     enter judgment finding that the actions of Defendants as alleged in this Complaint violated N.C.G.S. § 75-1.1;

(b)     enter judgment finding that the actions of Defendants as alleged in this Complaint violated 42 U.S.C. §§ 1981 and 2000a;

(c)     enter a permanent injunction directing that Defendants take all affirmative steps necessary to remedy the effects of the illegally discriminatory conduct alleged in this Complaint and to prevent similar occurrences in the future;

(d)     award compensatory damages in an amount that would fully compensate Plaintiff for his damages, including but not limited to, humiliation, embarrassment, emotional distress, and mental anguish, caused by the unlawful actions of Defendant's agent, as alleged in this Complaint;

(e)     award treble damages to Plaintiff under N.C.G.S. §75-16;

(f)     award Plaintiff the costs of this action, including attorneys' fees and under N.C.G.S. §75-16 and 42 U.S.C. § 1988; and

(g)     order all other relief deemed just and equitable by the Court.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

Respectfully submitted this the 19th day of December, 2008.

                                        **s/ S. Luke Largess**
                                        NC Bar Number 17486
                                        Attorney for Plaintiff
                                        FERGUSON, STEIN, CHAMBERS
                                        GRESHAM & SUMTER, P.A.
                                        Suite 300 Park Plaza Building
                                        741 Kenilworth Avenue (Zip: 28204)
                                        P.O. Box 36486
                                        Charlotte, NC 28236-6486
                                        Phone: 704-375-8461
                                        Fax: 704-334-5654
                                        E-mail: LLargess@fergusonstein.com